IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **CITIZENS FOR RESPONSIBILITY AND ETHICS IN WASHINGTON** <br> 1101 K Street, N.W., Suite 201 <br> Washington, D.C. 20005 <br><br> Plaintiff, <br><br> v. <br><br> **CENTERS FOR DISEASE CONTROL AND PREVENTION** <br> 1600 Clifton Road <br> Atlanta, G.A. 30329, and <br><br> **U.S. DEPARTMENT OF HEATH AND HUMAN SERVICES** <br> 200 Independence Ave., S.W. <br> Washington, D.C. 20201 <br><br> Defendants. | Civil Action No. 21-122 |

## COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF

1. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, for injunctive, declaratory, and other appropriate relief against the Centers for Disease Control and Prevention ("CDC") and its parent agency, the U.S. Department of Health and Human Services ("HHS"). Plaintiff Citizens for Responsibility and Ethics in Washington ("CREW") challenges the failure of the CDC to respond to a request for documents related to CDC communication regarding the collection, tracking, reporting, or release of Coronavirus information pertaining to race, primary language, gender, disability status, or socioeconomic status.

2. This case seeks declaratory relief that the CDC is in violation of the FOIA, specifically, 5 U.S.C. § 552(a)(3)(A), for failing to provide CREW all responsive records, and 5 U.S.C. § 552(a)(6)(A), for failing to provide CREW with a determination on its requests within

20 business days, as well as injunctive relief ordering defendant CDC to process and release to CREW immediately the requested records in their entirety.

## Jurisdiction and Venue

3. This Court has both subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. §§ 552(a)(4)(B) and 552(a)(6)(C)(i). The Court also has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 2201(a), and 2202. Venue in this district is proper under 5 U.S.C. § 552(a)(4)(B).

## Parties

4. Plaintiff CREW is a non-profit, non-partisan organization organized under section 501(c)(3) of the Internal Revenue Code. CREW is committed to protecting the rights of citizens to be informed about the activities of government officials and agencies, and to ensuring the integrity of government officials and agencies. To advance its mission, CREW uses a combination of research, litigation, and advocacy. As part of its research, CREW uses government records made available to it under the FOIA. Additionally, CREW seeks to empower citizens to have an influential voice in government decisions and in the government decision-making process through the dissemination of information about public officials and their actions.

5. Defendant HHS is an agency within the meaning of 5 U.S.C. §§ 552(f)(1) and 701(b)(1). Defendant CDC is a component of HHS and is the HHS component that has possession and control of the requested records and is responsible for fulfilling plaintiff's FOIA request.

**Statutory and Regulatory Background**

6. The FOIA, 5 U.S.C. § 552, requires agencies of the federal government to release requested records to the public unless one or more specific statutory exemptions apply.

7. An agency must respond to a party making a FOIA request within 20 working days, notifying that party of at least the agency's determination of which of the requested records it will release, which it will withhold and why, and the requester's right to appeal the determination to the agency head. 5 U.S.C. § 552(a)(6)(A)(i).

8. An agency's failure to make this determination within 20 business days is subject to judicial review without exhausting administrative remedies. 5 U.S.C. § 552(a)(6)(C)(i).

9. In "unusual circumstances" an agency may extend the time to respond to a request by no more than 10 working days provided that the agency gives the requester written notice setting forth the unusual circumstances and the date on which the agency expects to make a determination. 5 U.S.C. § 552(a)(6)(B)(i)-(iii). The FOIA defines "unusual circumstances" as including the need to search for and collect responsive records from offices other than the office processing the request; the need to search for, collect, and examine a "voluminous amount of separate and distinct records"; and the need to consult with another agency. 5 U.S.C. § 552(a)(6)(B)(iii)(I)–(III).

**Factual Background**

10. On January 29, 2020, President Donald J. Trump announced the formation of The Presidential Coronavirus Task Force ("Task Force"), which would "lead the Administration's efforts to monitor, contain, and mitigate the spread of the virus, while ensuring that the American people have the most accurate and up-to-date health and travel information."

The White House, Statement from the Press Secretary Regarding the President's Coronavirus Task Force, *WhiteHouse.gov*, Jan. 29, 2020, http://bit.ly/3rSHyeS. By the end of March 2020, the United States had more confirmed novel coronavirus cases than any other country. Donald G. McNeil, Jr., The U.S. Now Leads the World in Confirmed Coronavirus Cases, *New York Times*, Mar. 26, 2020; updated May 28, 2020, http://nyti.ms/2JPksEQ.

11. On April 3, 2020, the nonprofit news organization *ProPublica* revealed early data showing significantly higher rates of novel coronavirus deaths among Black Americans. Akila Johnson and Talia Buford, Early Data Shows African Americans Have Contracted and Died of Coronavirus at an Alarming Rate, *ProPublica*, Apr. 3, 2020, http://bit.ly/2KVwLQF. Additional reporting corroborated the disproportionate impact of the novel coronavirus on communities of color, reporting that infection and death rates were three and six times higher, respectively, in majority-Black counties than in majority-white counties. Reis Thebault, Andrew Ba Tran, and Vanessa Williams, The Coronavirus is Infecting and Killing Black Americans at an Alarmingly High Rate, *Washington Post*, Apr. 7, 2020, http://wapo.st/2JKajcm.

12. President Trump acknowledged the racial disparities in the impact of the novel coronavirus during a press briefing on April 7, 2020, stating "[w]e are doing everything in our power to address this challenge," and adding that Dr. Anthony Fauci, director of the National Institute of Allergy and Infectious Diseases and a member of the Task Force, "is looking at it very strongly." *Id.*

13. Public officials, health experts and policymakers have called on the CDC to track and report on novel coronavirus testing, cases, health outcomes and mortality rates using data disaggregated by race, ethnicity, primary language, genders, disability status, and socioeconomic status "to help policymakers and outside partners better understand the impacts

on different segments of the population based on existing disparities and craft more calibrated responses." Letter from Mayor Hardy Davis, Jr., et. al. to CDC Director Robert R. Redfield, M.D. and U.S. Surgeon General Jerome Adams, April 3, 2020, https://www.wemustcount.org/the-letter. Members of Congress have also called on the Task Force to "mobiliz[e] a whole of government response" to support the communities most affected by the novel coronavirus. Letter from Senators Elizabeth Warren, Kamala D. Harris, Edward J. Markey, Jeffrey A. Merkley, and Cory A. Booker, and Representatives Ayanna Pressley, Robin L. Kelly, Karen Bass, Barbara Lee, and Cedric Richmond to Vice President Michael Pence, at 2 (Apr. 29, 2020), https://bit.ly/2JLaZ1a.

*The FOIA Requests at Issue*

14. On April 14, 2020, CREW submitted a FOIA request to the CDC seeking communications regarding the collection, tracking, reporting, or release of Coronavirus information pertaining to race, primary language, gender, disability status, or socioeconomic status.

15. Specifically, CREW requested:

   a) "[A]ll communications from January 29, 2020 to the present between the CDC and the following individuals referencing or involving the collection, tracking, reporting, or release of 2019 Novel Coronavirus ("novel coronavirus") information pertaining to race, ethnicity, primary language, gender, disability status or socioeconomic status:
      (1) President Trump;
      (2) White House employees, including anyone with an "*.eop.gov" email domain;
      (3) attorneys or representatives acting on behalf of President Trump; and/or[1]
      (4) members of the White House Coronavirus Task Force, specifically:

---

[1] CREW later withdrew its request with respect to "attorneys or representatives acting on behalf of President Trump."

5

> Mike Pence, Vice President of the United States;
>
> Dr. Deborah Birx, United States Global AIDS Coordinator;
>
> Vice Admiral Jerome Adams, U.S. Surgeon General;
>
> Alex Azar, U.S. Secretary of Health and Human Services;
>
> Stephen Biegun, U.S. Deputy Secretary of State;
>
> Robert Blair, Assistant to the President and Senior Advisor to the Chief of Staff;
>
> Dr. Ben Carson, U.S. Secretary of Housing and Urban Development;
>
> Ken Cuccinelli, Acting U.S. Deputy Secretary of Homeland Security;
>
> Dr. Kelvin Droegemeier, Director of the U.S. Office of Science and Technology;
>
> Dr. Anthony Fauci, Director of the National Institute of Allergy and Infectious Diseases;
>
> Joe Grogan, Assistant to the President and Director of the Domestic Policy Council;
>
> Stephen Hahn, U.S. Commissioner of Food and Drugs;
>
> Derek Kan, Executive Associate Director of the Office of Management and Budget;
>
> Larry Kudlow, Director of the National Economic Council;
>
> Chris Liddell, Assistant to the President and White House Deputy Chief of Staff for Policy Coordination;
>
> Steven Mnuchin, U.S. Secretary of the Treasury;
>
> Robert O'Brien, Assistant to the President for National Security Affairs;
>
> Matthew Pottinger, Assistant to the President and Deputy National Security Advisor;
>
> Dr. Robert R. Redfield, Director for the Centers for Disease Control and Prevention;
>
> Joel Szabat, Assistant to the President and Deputy National Security Advisor;
>
> Seema Verma, Administrator of the Centers for Medicare and Medicaid Services;
>
> Col. Robert Wilkie, U.S. Secretary of Veterans Affairs,

(hereinafter collectively "Members of the White House Coronavirus Task Force")."

      b) "[A]ll internal CDC communications from January 29, 2020 to the present [April 14, 2020] regarding any directives, instructions, requests, or inquiries that reference or involve the collection, tracking, reporting, or release of novel coronavirus information pertaining to race, ethnicity, primary language, gender, disability status or socioeconomic status from:

        (1) President Trump;

        (2) White House employees, including anyone with an "*.eop.gov" email domain;

        (3) attorneys or representatives acting on behalf of President Trump;

        (4) Members of the White House Coronavirus Task Force; and/or

        (5) employees of the National Institute of Health ("NIH"), including employees of the National Institute of Allergy and Infectious Diseases ("NIAID")."[2]

16. In both FOIA requests, CREW sought a waiver of fees associated with processing its requests. CREW explained that it intends to analyze the information responsive to these requests and to share its analysis with the public through reports, press releases, or other means.

17. CREW further explained that the requested records would shed light on the CDC's efforts to monitor, contain, and mitigate the spread of the virus in the hardest hit communities.

18. On April 17, 2020 the CDC sent a letter acknowledging CREW's request and granting CREW's fee waiver. The acknowledgement letter advised that CREW would receive documents by October 16, 2020.

19. On April 29, 2020, the CDC sent a second letter advising CREW that its FOIA request was too broad and would need to be narrowed.

---

[2] The FOIA request sought a third category of information: "all documents containing raw data or analysis pertaining to race or ethnicity of persons identified as confirmed cases of novel coronavirus, regardless of the infected person's current status." That request is not the subject of this suit, as the information has been received.

7

20. From June through August, 2020, counsel for CREW and the CDC engaged in a dialogue in which CREW agreed to narrow its requests in an effort to obtain documents in a timely fashion.

21. However, to date, CREW has received no documents in response to the FOIA requests outlined in paragraph 16 above.

22. Under 5 U.S.C. § 552(a)(6)(C)(i), CREW has now effectively exhausted all applicable administrative remedies with respect to its requests of the CDC.

## PLAINTIFF'S CLAIM FOR RELIEF

23. Plaintiff repeats and re-alleges paragraphs 1-22.

24. Plaintiff properly asked for records within the custody and control of the CDC.

25. Defendant CDC wrongfully withheld agency records requested by plaintiff by failing to comply with the statutory time limit for making a determination on plaintiff's requests, and by withholding from disclosure records responsive to plaintiff's requests.

26. Plaintiff CREW is therefore entitled to injunctive and declaratory relief with respect to the immediate processing and disclosure of the records requested in its April 14, 2020 FOIA request.

### Requested Relief

WHEREFORE, plaintiff respectfully requests that this Court:

(1) Order defendant to immediately and fully process plaintiff's April 14, 2020 FOIA request to the CDC and to disclose all non-exempt documents immediately to plaintiff;

(2) Issue a declaration that plaintiff is entitled to immediate processing and disclosure of the requested records;

(3) Provide for expeditious proceedings in this action;

  (4)  Retain jurisdiction of this action to ensure no agency records are wrongfully withheld;

  (5)  Award plaintiff its costs and reasonable attorneys' fees in this action; and

  (6)  Grant such other relief as the Court may deem just and proper.

              Respectfully submitted,

              */s/ Laura C. Beckerman*
              Laura C. Beckerman
              (D.C. Bar No. 1008120)
              Adam J. Rappaport
              (D.C. Bar No. 479866)
              Citizens for Responsibility and
                Ethics in Washington
              1101 K Street, N.W., Suite 201
              Washington, D.C.  20005
              Phone: (202) 408-5565
              Facsimile: (202) 588-5020
              lbeckerman@citizensforethics.org

Dated: January 14, 2021       *Attorneys for Plaintiff*